UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA L. RODRIGUEZ, and all others similarly situated under 29 U.S.C. § 216(b), | § § § § | |
| Plaintiff, | § § | No. 3:10-cv-2345-M |
| v. | § § | |
| AMADOR VASQUEZ ENTERPRISES, INC., LA NUEVA PUNTADA, L.P., AND AMADOR VASQUEZ, | § § § § § | |
| Defendants. | § | |

## ORDER

On December 21, 2011, the parties filed their Joint Stipulation of Dismissal [Docket Entry #23], advising the Court that Plaintiff has voluntarily dismissed her claims with prejudice and requesting that the Court retain jurisdiction over the case through January 30, 2012 to enforce the settlement if necessary. On December 30, 2011, the Court directed the parties to advise whether the settlement compromises the FLSA claims brought by Plaintiff and other similarly situated employees and to file their settlement agreement, because the Court is required to approve a settlement in a private action that compromises FLSA claims. *See, e.g., Villeda v. Landry's Rests., Inc.*, No. 08-2287-H, 2009 WL 3233405, at *1 (S.D. Tex. Oct. 7, 2009) (citing *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982)). Judicial approval is not required when a defendant offers a plaintiff full compensation for her FLSA claim. *Id.* at *1 n.1. On January 12, 2012, the parties filed their Joint Settlement Report ("Report") [Docket Entry #25]. In the Report, the parties assert that the settlement

compromises claims brought by Plaintiff and other similarly situated employees. Therefore, the Court must approve it. *Id.* at *1.

In an FLSA action, if the settlement reflects a "reasonable compromise over issues," the court may approve it. *Lynn's Food Stores*, 679 F.2d at 1354. The Court cannot find that the settlement agreement, in its current form, reflects a reasonable compromise over the issues, because it binds to the agreement individuals who are not party to this suit. In the settlement agreement, which is attached as Exhibit 1 to the Report, the Mutual General Release "includes all claims which were, or could have been, asserted in the lawsuit styled *Maria I. Rodriguez, Plaintiff, and all others similarly situated under 29 U.S.C. 216(B) v. Amador Vasquez Enterprises, Inc., La Nueva Puntada LP and Amador Vasquez, Defendants*; Case No. 3:10-cv-02345-M." The Court construes this provision as compromising the claims of those employees similarly situated to Rodriguez, and the parties assert in their Report that the settlement compromises the claims of other similarly situated employees. However, the Court did not certify the suit as a collective action, none of the other employees have consented to joining the suit, and the settlement agreement is only signed by Rodriguez and the Defendants. *See* 29 U.S.C. 216(b) (stating that no employee can be made a party plaintiff to an FLSA action without his or her consent). The Court cannot approve a settlement in this case that compromises the claims of those who neither signed the agreement nor consented to joining the lawsuit nor who are bound by court order. *Cf. Villeda*, 2009 WL 3233405, at *1 (approving settlement where, although the court had not certified the suit as a collective action, individuals gave written consent to join as plaintiffs and the settlement was limited to the 52 claims of present or former employees who received notice of settlement payment amounts and accepted notice); *Beardslee v. Randalls Food and Drugs LP*, No. 09-cv-1200-H, 2009 WL 1957714, at *1 (S.D. Tex. July 7,

2009) (approving settlement between named parties where collective action was dismissed without prejudice and the settlement bound no one but the named parties).

Further, the parties have not shown that a bona fide dispute exists between them. *See* 29 U.S.C. 253(a) (stating that FLSA claims may be compromised in whole or in part if there exists a bona fide dispute as to the amount payable by the employer to the employee); *Lynn's Food Stores*, 679 F.2d at 1354 (allowing district courts to approve settlements that allow reasonable compromise over issues in dispute); *see also Altier v. Worley Catastrophe Response, LLC*, Nos. 11-cv-241, 11-cv-242, 2012 WL 161824, at *14 (E.D. La. Jan. 18, 2012) (describing the bona fide disputes at issue after reviewing the record as a whole, including the amended complaint, answers, motions for conditional certification, partial summary judgment, and motion for approval of settlement). While the parties do not need to continue to litigate and defend this matter in order to demonstrate the bona fides of this dispute, *cf. Altier*, 2012 WL 161824, at *14 (describing how aggressive litigation and a strenuous defense demonstrate a bona fide dispute), they do need explain the nature and the degree of the dispute before the Court can approve the settlement. *See e.g.*, Agreed Order Granting Mot. to Approve Settlement and to Dismiss Claims with Prejudice, *Barbalena v. Lone Star Foxhall, LLC, et al.*, No. 11-cv-435 (N.D. Tex. Nov. 8, 2011) (Lynn, J.) (finding bona fide disputes of law and fact existed between the parties, after parties made proper showing in their joint motion for approval of settlement).

For the reasons stated above, the Court cannot find the settlement to be a fair and reasonable compromise of a bona fide dispute under the FLSA. The parties may move for the

Court to approve a revised settlement agreement that addresses the Court's concerns as described herein.

**SO ORDERED**.

January 27, 2012.

*[signature: Barbara M. G. Lynn]*

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**